IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | |
|---|---|
| MARY JO HODGES, o/b/o Steven W. Hodges, deceased, </br></br>    Plaintiff,</br></br>vs.</br></br>CAROLYN W. COLVIN,</br>Acting Commissioner of Social Security,</br></br>    Defendant. | Case No. 13-3301-CV-S-ODS |

## **ORDER AND OPINION REVERSING COMMISSIONER'S FINAL DECISION DENYING BENEFITS AND REMANDING FOR RECONSIDERATION**

  Pending is Plaintiff's appeal of the Commissioner of Social Security's final decision denying her husband's application for disability and supplemental security income benefits. The Commissioner's decision is reversed and the matter is remanded for reconsideration.

  Plaintiff's husband ("Hodges") was born in October 1954 and completed high school. Hodges' most recent job was as a detailer at a Harley-Davidson dealership/repair shop; he held this position from 1997 until he was laid off in December 2008. He alleged he became disabled on December 18, 2008 – the date he was laid off – due to a combination of degenerative disc disease, mental impairments, and other limitations resulting from motorcycle accidents in 1991 and 2000. Plaintiff raises several issues, but the Court views only one as justifying remand: the ALJ's failure to adequately address the fact that Hodges apparently performed his last job only due to accommodations that are not likely to be replicated elsewhere in the national economy.

  The 1991 accident caused extensive injuries to Hodges's face and skull. Among the remedial measures was insertion of an implant in his orbital floor. Hodges testified he was instructed that he would have to regularly massage his eye to keep his muscles

from attaching to the implant, and this requirement would last a year and possibly the rest of his life.  R. at 384-85.  There is some confirmation of this instruction in the Record, but it is not well-detailed.  E.g., R. at 181.  Hodges described this process as a "deep muscle massage under the eyeball" that he had to do six to seven times during the course of the workday, for ten to twenty minutes on each occasion.  His employer allowed him extra breaks to perform this task, and also allowed him to go to the break room or other places away from customers and employees.  R. at 385-87.  Hodges's former supervisor confirmed this practice: Chris Hoffman submitted a statement declaring that he hired Hodges in 1997 and described the accommodation provided to allow Hodges to massage his eye.  This practice ended when the dealership's owner passed away and his daughter became the owner.  R. at 163-64.  The new owner also submitted a statement indicating Hodges was not given special accommodations, R. at 165-67, but this does not necessarily contradict Hodges's testimony or Hoffman's statement because (1) she does not indicate she was involved in the business's operation before her father passed away and she became the owner and (2) her statement is consistent with Hodges's testimony and Hoffman's statement that the previously-granted accommodations stopped once she became the owner.

The ALJ never assessed Hodges's need to massage his eye.  He never addressed whether it was or was not necessary.  This is critical because Hodges testified he could return to his past job as a detailer if he was given this accommodation.  R. at 406-07.  Furthermore, the vocational expert testified that a person with Hodges's age, education and experience possessing the residual functional capacity described by the ALJ could not find work if this accommodation was required.  R. at 421.  The ALJ seemed to acknowledge the need for Hodges to massage his eye.  R. at 17 (citing R. at 228), but described this requirement as "mild."  There is no explanation for this conclusion, nor is there any apparent support for it.  The ALJ discussed Plaintiff's ability to see and such issues as glaucoma and myopic astigmatism, but he did not address Plaintiff's alleged need to take breaks to massage his eye and the need for an employer to accommodate this requirement.

The Commissioner's final decision is reversed and the case is remanded. On remand, the ALJ will consider whether Plaintiff needed to massage his eyes as Plaintiff described in his testimony and, if so, what impact this had on his employability.

IT IS SO ORDERED.

DATE: May 21, 2014

/s/ Ortrie D. Smith
ORTRIE D. SMITH, SENIOR JUDGE
UNITED STATES DISTRICT COURT